# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| ROSA MARES, GUSTAVO E. ACOSTA, SANDRA MARQUEZ, SANDRA ACRES, GEORGE MENDIETA, FRANCISCO ACRES, MARIA A. MCCOLLUM, EBONY ADAME, DANIEL ROLANDO MENDOZA, ELISEO CABRERA DONALD CADRIEL, JUAN MONTIEL, FERNANDO CANO, JOSE MORA, LUIS A. CANTU, FRANCISCO MORALES, RICARDO CARDENAS, JOSE MORENO, GUSTAVO DELEON, RUDY OCHOA, ANGEL DELGADO, OSCAR PARRA, STEVEN DORADO, JOSE A. PEREZ, NICOLAS FUENTES, JOAQUIN RAMOS, HUMBERTO GARCIA JR, NORBERTO RANGEL, HENRY GARZA, LUIS REYES, NOE GARZA, JONATHAN F. RIVERA, JESUS GASPAR, JUSTIN SHAFER, KAYLA GONZALES, JOSE SILVA, ROLANDO GARZA, PEDRO VELAZQUEZ, NORMA GRIMES, JAMIE VIDAL, ARNOLDO LARRASQUITU, JR., EVERARDO VILLARREAL, VLIMA LARRASQUITU, SAMUEL VILLARREAL, MARK E. LAY, ROBERT ZEPEDA, ALBERT MARDIAGA, AND ROY ZEPEDA, <br><br>        Plaintiffs, <br><br> VS. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 1:25-cv-00069 |

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, Chapter 160 (CBP Brownsville, Texas) AND ROBERT BRISEÑO, INDIVIDUALLY, § § § § § § § Defendants. § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Rosa Mares, *et al.*, file this Original Complaint against Defendants National Treasury Employees Union, Chapter 160 (CBP Brownsville, Texas) and Robert Briseño, Individually, and show as follows:

### PARTIES

1.    The plaintiffs are Rosa Mares, *et al.* They are individuals employed and/or formerly employed (retired) by the United States Customs and Border Protection in Cameron County, Texas, and are residents of Cameron County, Texas.

2.    The defendants are Defendant National Treasury Employees Union, Chapter 160 (CBP Brownsville, Texas) and Robert Briseño, Individually. Defendant National Treasury Employees Union, Chapter 160 (CBP Brownsville, Texas) is a union, organized under federal law; it maintains an office and is otherwise located in Cameron County, Texas. The defendant may be served with process by personal service on its President, Mr. Robert Briseño at 1300 West Mexico Street, Brownsville, Texas 78520. Defendant

2

Robert Briseño is an individual who resides in Cameron County, Texas, and may be served with process by personal service at 1300 West Mexico Street, Brownsville, Texas 78520.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiffs are, respectively, long-time employees of the United States Customs and Border Protection in Cameron County, Texas. However, one or more of the plaintiffs are now retired from service.

6. With more than 60,000 employees, United States Customs and Border Protection, CBP, is one of the world's largest law enforcement organizations and is charged with keeping terrorists and their weapons out of the U.S. while facilitating lawful international travel and trade. As the United States' first unified border entity, CBP takes a comprehensive approach to border management and control, combining customs, immigration, border security, and agricultural protection into one coordinated and

supportive activity.

7.      Defendant National Treasury Employees Union, Chapter 160 (CBP Brownsville, Texas) ("NTEU") is the union whom the plaintiffs are former members of and paid dues to.  Defendant Robert Briseño is the top officer, president of NTEU in Brownsville.

8.      Chapter 160 of the NTEU initiated a claim against the CBP to recover unpaid overtime wages on behalf of the plaintiffs and others.  The case is cited as Case No. DA-CA-14-0343; *Department Of Homeland Security, U.S. Customs And Border Protection Brownsville, Texas Vs. National Treasury Employees Union;* In The Federal Labor Relations Authority.[1] ("The Arbitration").   After years of litigation, the arbitration resulted in a written, final order.  It provided, in part, as follows:

> "With regard to backpay, Arbitrator Kyler unambiguously ordered the Agency to pay backpay in all three awards.  Specifically, in the initial award, Arbitrator Kyler stated that "*back pay is, hereby, awarded.*"  In the first supplemental award, Arbitrator Kyler stated that "*[b]ack overtime pay is, hereby, awarded . . . .*"  And in the second supplemental award, Arbitrator Kyler stated that the Agency "is directed to *immediately issue back overtime payment to the adversely affected employees* as previously ordered," and to *pay interest on the backpay.*  By failing to pay backpay (and interest on the backpay), the Agency has disregarded unambiguous aspects of Arbitrator Kyler's awards."

*See* Note 1, *supra*; Case No. DA-CA-14-0343; *Department Of Homeland Security, U.S. Customs And Border Protection Brownsville, Texas Vs. National Treasury Employees Union* (emphasis added).

---

[1]     https://www.flra.gov/decisions/alj-decisions/department-homeland-security-us-customs-and-border-protection-brownsville.

9. Further, the award was for the benefit of the following "affected" employees:

> "Arbitrator Kyler specified which officers were eligible to receive backpay, stating that backpay was available to *those affected [officers] who would have been assigned to cover any open slots or vacancies in the [passenger-p]rocessing, or other work units*, on overtime. . . ."

*See* Note 1, *supra*; Case No. DA-CA-14-0343; *Department Of Homeland Security, U.S. Customs And Border Protection Brownsville, Texas Vs. National Treasury Employees Union* (emphasis added).

10. Here, the plaintiffs, as CBP officers during the relevant period, performed overtime work to cover such vacancies, as documented in pay records, schedules, and other evidence, making them "affected officers" under the award. Indeed, the plaintiffs are "affected officers" who were part of the claim when it was filed and who were not paid proper overtime wages during the relevant period. Therefore, pursuant to the award, the plaintiffs are eligible to recover their damages for unpaid wages and/or overtime wages.

11. Further, the union—the defendant herein—received payment pursuant to the award for the use and benefit of the plaintiffs and other affected officers. However, the defendants, including Defendant Briseño, have knowingly asserted, without basis in the arbitration award or union governing documents, that the plaintiffs are ineligible for their share of the award because they are no longer bargaining unit members, despite their status as bargaining unit members during the period of unpaid overtime, choosing instead to distribute award funds to officers who were not part of the claim when filed.

5

12. On February 5, 2025, the plaintiffs provided written notice to the defendants, demanding their *pro rata* share of the arbitration award pursuant to 29 U.S.C. § 501(b), but received no response within 30 days, resulting in waiver of any procedural, pre-requisite challenges to this suit.

## CAUSES OF ACTION

### Count 1—Breach of Fiduciary Duty imposed by Federal Law

13. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-12, *supra*.

14. Federal employees who are union members can sue their union for monetary damages under certain circumstances, with a key federal statutory basis provided by the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA).

15. Specifically, 29 U.S.C. § 501 imposes fiduciary responsibilities on unions and union officers and provides a mechanism for union members, including federal employees in unions covered by the LMRDA, to seek remedies for breaches of those duties.

16. Further, 29 U.S.C. § 501(a) requires unions and union officers to hold union money and property solely for the benefit of the organization and its members, to manage and dispose of it according to the union's constitution and bylaws, and to refrain from dealing with the union in a way that benefits themselves or others at the union's expense.

It states: "The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person... to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws . . . ."

17. Further, 29 U.S.C. § 501(b) explicitly allows union members to sue unions and union officers in federal district court or state court for violations of these fiduciary duties, including for monetary damages, when the union fails to act. It provides that "[w]hen any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization.

18. To file such a lawsuit, a federal employee must be a member of a union covered by the LMRDA (which applies to many federal employee unions, including the defendants

herein, under the Civil Service Reform Act). Here, as noted, the plaintiffs provided notice of the claim to the defendants but the defendants ignored notice, failing to respond.

19. Further, the LMRDA extends to federal employee unions, as here, through the Civil Service Reform Act of 1978 (CSRA) (5 U.S.C. § 7101, *et seq.*), which incorporates similar labor-management standards. Specifically, CSRA governs labor relations for federal employees and recognizes their right to form and join unions. While the CSRA does not directly replicate Section 501, it adopts LMRDA standards for union governance via regulations and administrative enforcement by the Office of Labor-Management Standards (OLMS) and the Federal Labor Relations Authority (FLRA). *See* (29 CFR § 458.2 ) (mirror LMRDA fiduciary duties for federal sector unions, stating that union officers must adhere to standards of conduct akin to those in 29 U.S.C. § 501 and that breaches of these duties can lead to lawsuits in federal court, often with monetary damages as a remedy).

20. Under Section 501(b), federal employees can seek damages to recover union funds lost due to fiduciary breaches (e.g., embezzlement or mismanagement), which includes damages that effectively compensate members for financial harm tied to the breach.

21. Here, the plaintiffs allege the defendants breached their respective fiduciary duties owed to the plaintiffs by, at a minimum, mismanaging the funds awarded and providing each plaintiff his/her pro rata share, as intended. Further, Defendant Briseño, as president

of NETU, personally oversaw the distribution of the arbitration award funds and knowingly refused to allocate the plaintiffs' share, despite their entitlement under the award. The breaches are the cause of the plaintiffs' damages. The plaintiffs also seek their costs and attorney fees, as provided by law.

### Count 2—Breach of Duty of Fair Representation

22. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-21, *supra.*

23. Under the FSLMRS, a union certified as the exclusive representative of a bargaining unit owes a duty of fair representation to all employees in that unit (5 U.S.C. § 7114(a)(1). This duty requires the union to represent employees fairly, impartially, and in good faith, without discrimination or arbitrary conduct. A breach of this duty is actionable through the courts when tied to fiduciary violations or arbitration enforcement (*e.g.,* via the CSRA or FLRA framework), as here. The defendants are subject to the FSLMRS.

24. Here, the defendants arbitrarily or discriminatorily denied the plaintiffs their rightful share of the arbitration award—because, in part, they were bargaining unit members at the time the claim was filed or when the violation occurred.

25. The defendants' actions to exclude the plaintiffs from receiving backpay, despite their inclusion in the arbitration award, is arbitrary, capricious, or in bad faith. Further,

the defendants' exclusion of the plaintiffs is arbitrary and inconsistent with their prior practice of distributing awards to affected employees, and lacks any rational basis tied to the award's terms. The fact that they were bargaining unit members during the relevant period (when the claim arose or was filed) establish their entitlement, and the defendants' refusal to honor this violates its statutory obligation. The promotion out of the bargaining unit should not retroactively strip them of rights accrued while they were members, unless the arbitration award or union policy explicitly states otherwise, which it does not.

26.     Here, the plaintiffs alleges the defendants have breached their respective duty of fair representation owed to the plaintiffs by, at a minimum, mismanaging the funds awarded and providing each plaintiff his/her *pro rata* share, as intended. The breaches are the cause of the plaintiffs' damages. The plaintiffs also seek their costs and attorney fees, as provided by law.

### Count 3—Breach of Contract

27.     The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-26, *supra*.

28.     The relationship between the plaintiffs and the defendants is governed, in part, by the union's constitution, bylaws, and collective bargaining agreement (CBA), which is considered a contract. The contract obligates the defendants to distribute arbitration awards to affected members (or former members entitled to relief), and the refusal of the

defendants to pay the plaintiffs constitute a breach of that contract. Further, the CBA and NETU bylaws, respectively, obligate the defendants to distribute arbitration awards to all employees who suffered the underlying wage violations, including the plaintiffs.

29. Here, the plaintiffs alleges the defendants have breached the contract, at a minimum, mismanaging the funds awarded and not providing each plaintiff his/her *pro rata* share, as intended. The breaches are the cause of the plaintiffs' damages. The plaintiffs also seek their costs and attorney fees, as provided by law.

**Count 4—Breach/Violation of the Arbitration Award (Enforcement Action)**

30. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-29, *supra*.

31. The arbitration award, as a final and binding decision under the FSLMRS (5 U.S.C. §§ 7121-23), legally entitles the plaintiffs to backpay for unpaid overtime wages. The defendants, as the representatives in the arbitration, are responsible for ensuring compliance or distribution of the award. Their refusal to include the plaintiffs is a failure to enforce or comply with the award. This Court has authority to enforce the arbitration award under 5 U.S.C. § 7123(c) and federal case law, ensuring compliance by all parties, including the defendants as the plaintiffs' representatives in the arbitration.

32. The defendants are undermining the arbitration process by unilaterally reinterpreting the award's scope to exclude them. The FLRA decision must be honored

by the defendants as written.

33. Here, the plaintiffs seek enforcement of the arbitration award by this Court by requiring the allocation of the back pay awarded to the plaintiffs, pursuant to the award. The plaintiffs also seek their costs and attorney fees, as provided by law.

### Count 5—Unjust Enrichment

34. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-33, *supra*.

35. The defendants received funds to satisfy the arbitration award and are withholding the plaintiffs' share. This is an unjust enrichment to the defendants and perhaps others at the plaintiffs' expense. This is an equitable claim that does not require a statutory or contractual duty; it focuses on fairness. Further, the plaintiffs have no adequate remedy at law due to the defendants' retention of funds rightfully owed, necessitating equitable relief.

36. The defendants have been unjustly enriched at the expense of the plaintiffs. They seek recovery of their share of the arbitration award pursuant to the Court's equitable authority. The plaintiffs also seek their costs and attorney fees, as provided by law.

### Count 6—Conversion

37. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-36, *supra*.

38. The defendants received the arbitration funds intended for the plaintiffs and wrongfully retained them, which constitutes conversion under Texas common law.

39. Stated differently, the defendants intentionally exercised dominion over the arbitration award funds, which were the specific property owed to the plaintiffs, depriving them of their rightful share.

40. The defendants have converted the arbitration award funds that, in part, belong to the plaintiffs. They seek recovery of their share of the arbitration award that was unlawfully converted by the defendants, plus exemplary damages. The plaintiffs also seek their costs and attorney fees, as provided by law.

### Count 7—Money Had and Received

41. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-40, *supra*.

42. This is an equitable claim similar to unjust enrichment, asserting the defendants hold money that in equity and good conscience belongs to the plaintiffs.

43. The defendants received and hold funds from the arbitration award that rightfully belong to the plaintiffs as "affected officers," and equity demands their return to the plaintiffs.

44. The defendants seek recovery of their share of the arbitration award that belongs to the plaintiffs under a the equitable cause of action, money had and received, plus

exemplary damages. The plaintiffs also seek their costs and attorney fees, as provided by law.

**Count 8—Declaratory Judgment**

45. The plaintiffs adopt and incorporate herein by reference all allegations set forth in paragraphs 1-44, *supra*.

46. Under 28 U.S.C. § 2201, the plaintiffs seek a declaration from this Court that the plaintiffs are entitled to their share of the award, clarifying their rights under the arbitration decision.

47. This Court is vested with such authority pursuant to 28 U.S.C. § 2201 to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

48. The plaintiffs request a declaratory judgment from this Court that they are "affected officers" under the arbitration award and entitled to their *pro rata* share of the backpay and interest.

49. The plaintiffs also seek their costs and attorney fees, as provided by law.

## PRAYER

50. For these reasons, Plaintiffs Rosa Mares, *et al.*, respectfully requests that Defendants National Treasury Employees Union, Chapter 160 (CBP Brownsville, Texas)

and Robert Briseño, Individually, be cited to appear herein and answer, and that upon trial of this matter, Plaintiffs request an accounting of all funds received by the defendants pursuant to the arbitration award to determine the amounts withheld from the plaintiffs, and have judgment against Defendant for Plaintiffs' damages, economic damages, non-economic damages, liquidated damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
5350 S. Staples St., Suite 444
Corpus Christi, Texas 78411
361.885.7710
361.885.7716 (facsimile)
jbrooks@brooksllp.com

**Attorneys for Plaintiff Rosa Mares, *et al.***