United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ROSA MARES, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:25-cv-069 |
| | § | |
| **NATIONAL TREASURY** | § | |
| **EMPLOYEES UNION, CHAPTER** | § | |
| **160 and** | § | |
| **ROBERT BRISEÑO,** | § | |
| | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court are: (1) Plaintiffs Rosa Mares, et al.'s "First Amended Original Complaint;" (2) Defendants National Treasury Employees Union, Chapter 160 and Robert Briseño's "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (Defendants' "Motion to Dismiss"); (3) Plaintiffs' Response to Defendants' Motion to Dismiss; (4) Defendants' Reply in support of their Motion to Dismiss; and (5) Plaintiffs' Sur-reply to Defendants' Reply. Dkt. Nos. 17, 18, 19, 20, 22.

For the reasons discussed below, it is recommended that the Court: (1) **GRANT** Defendants' Motion to Dismiss; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs[2] are retired United States Customs and Border Protection ("CBP") officers. Dkt. No. 17 at 2. Defendants are the National Treasury Employees Union, Chapter 160 ("NTEU Chapter 160"), representing CBP officers working in Brownsville, Texas, and Robert Briseño, NTEU Chapter 160's president. *Id.*

This case arises out of a dispute over the rightful distribution of funds awarded to the NTEU by the Federal Labor Relations Authority (the "FLRA"). *See* Dkt. Nos. 17, 18. On June 12, 2014, the NTEU filed an unfair labor practice charge against the Department of Homeland Security, U.S. Customs and Border Protection, Brownsville, Texas ("CBP"), asserting CBP failed to comply with certain arbitration awards. Dkt. No. 18-1 at 2–3. The NTEU claimed that CBP failed to comply with previous arbitration awards concerning the reassignment of, and backpay owed to, CBP officers in Brownsville, Texas. *Id.* On September 29, 2015, the Regional Director for the Dallas Region of the FLRA issued an amended Complaint and Notice of Hearing claiming that CBP failed to comply with the arbitration awards. *Id.* at 1–2.

On May 5, 2016, an Administrative Law Judge ("ALJ") ordered CBP to comply with a final and binding award issued on October 7, 2011[3], which included backpay with interest. *Id.* at 14. The following month, on June 30, 2016, Cabrina S. Smith, Chief of the

---

[1] Information obtained from Plaintiffs' First Amended Complaint and where necessary to obtain historical dates, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. *See* Dkt. Nos. 17, 18.

[2] Rosa Mares; Gustavo E. Acosta; Sandra Marquez; Sandra Acres; Geoge Mandieta; Francisco Acres; Maria A. McCollum; Ebony Adame; Daniel Rolando Mendoza; Eliseo Cabrera; Donald Cadriel; Juan Montiel; Fernando Cano; Jose Mora; Luis A. Cantu; Francisco Morales; Ricardo Cardenas; Jose Moreno; Gustavo Deleon; Rudy Ochoa; Angel Delgado; Oscar Parra; Steven Dorado; Jose A. Perez; Nicolas Fuentes; Joaquin Ramos; Humberto Garcia Jr.; Norberto Rangel; Henry Garza; Luis Reyes; Noe Garza; Jonathan F. Rivera; Jesus Gaspar; Justin Shafer; Kayla Gonzales; Jose Silva; Rolando Garza; Pedro Velazquez; Norma Grimes; Jamie Vidal; Arnoldo Larrasquitu, Jr.; Everardo Villarreal; Vlima Larrasquitu; Samuel Villarreal; Mark E. Lay; Robert Zepeda; Albert Mardiaga; and Roy Zepeda. Dkt. No. 1.

[3] Later clarified on July 13, 2012, and December 21, 2013.

Office of Case Intake and Publication, adopted the ALJ's findings, conclusions, and recommendations on behalf of the FLSA (the "2016 ALJ Decision"). Dkt. No. 18-3.

Due to CBP's alleged failure to comply with the referenced award, on September 24, 2024, the FLRA petitioned the United States Court of Appeals for the District of Columbia Circuit to enforce the 2016 ALJ Decision. *See FLRA v. United States Dep't of Homeland Sec.*, No. 24-1309, 2024 U.S. App. LEXIS 30515 (D.C. Cir. Dec. 3, 2024). On October 2, 2024, the NTEU filed a motion in support of the FLRA.[4] On November 18, 2024, the FLRA approved a settlement agreement between CBP and the NTEU, resolving the previous proceedings and subsequent action in the D.C. Circuit Court of Appeals (the "2024 Settlement Agreement"). Dkt. No. 17, Exh. B at 2.

Under the 2024 Settlement Agreement, CBP agreed to pay a lump sum amount of $6,900,000. *Id.* The NTEU would provide CBP "with a dollar amount for each employee it deem[ed] eligible to receive a portion of the settlement fund." *Id.* On April 3, 2025, Plaintiffs filed their Original Complaint, alleging that they are due backpay under the 2016 ALJ Decision. Dkt. No. 1 at 14-15. On June 5, 2025, Defendants informed Plaintiffs about the 2024 Settlement Agreement. Dkt. No. 18 at 4. On June 10, Plaintiffs filed their First Amended Original Complaint acknowledging the 2024 Settlement Agreement. Dkt. No.

---

[4] *See* D.C. Circuit Case Docket.

17. Plaintiffs, then, claim that they are entitled to backpay under both the 2016 ALJ Decision and the 2024 Settlement Agreement. *Id.* at 17.

## II.    LEGAL STANDARDS

### A.    FED. R. CIV. P. 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a trial court must dismiss an action for lack of subject matter jurisdiction when the court is without the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party seeking the federal forum bears the burden of establishing facts supporting federal jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

A 12(b)(1) motion challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts possess limited jurisdiction—they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One way that a federal district court may acquire subject matter jurisdiction is via federal question jurisdiction. 28 U.S.C. § 1331. Pursuant to Section 1331, the district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

"[A] 12(b)(1) factual attack" challenging subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023).

When a 12(b) motion is on point, the court must construe the facts in favor of the nonmoving party. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 104 (1998).

## B.    FED. R. CIV. P. 56

A party may move for summary judgment by "identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." FED. R. CIV. P. 56(a). The Court shall grant summary judgment when the movant shows there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Id*. Summary judgment is designed to "isolate and dispose" of factually unsupported claims which "no reasonable jury" would resolve in the claimant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (citing FED. R. CIV. P. 50(a)(1)), *cert. denied*, 140 S. Ct. 649 (2019).

Because summary judgment is not intended to deprive litigants of their right to try genuinely contested issues, the movant bears the heavy burden to show the absence of a genuine issue of material fact. *United States v. Burket*, 402 F.2d 426, 430 (5th Cir. 1968); *Pitts v. Shell Oil Co.*, 463 F.2d 331, 335 (5th Cir. 1972); *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). Only after such a showing does the burden shift to the nonmoving party to demonstrate, through competent evidence in the record, that a genuine issue of material fact remains to be resolved. *Wise*, 58 F.3d at 195.

## C.    Supplemental Jurisdiction

District courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1367. Supplemental jurisdiction exists over state claims, "when the state and federal claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 580 (2005).

## III.    DISCUSSION

Plaintiffs allege eight grounds for relief in their First Amended Original Complaint (hereinafter, Plaintiffs' "Complaint[5]"). *See generally*, Dkt. No. 17. Namely, Plaintiffs allege three causes of action under federal law: (a) breach of fiduciary duty; (b) breach of duty of fair representation; and (c) breach of arbitration award. *Id.* at 8–14. Plaintiffs also allege four causes of action under Texas state law: (a) breach of contract; (b) unjust enrichment; (c) conversion; and (d) money had and received. *Id.* at 14–16. Finally, Plaintiffs request a declaratory judgment, finding that they are "affected officers" under both the 2016 ALJ Decision and the 2024 Settlement Agreement. *Id.* at 16. The Court will address each claim in turn, though not necessarily in the order presented.

**A.    The Court lacks subject matter jurisdiction over Plaintiffs' causes of action for breach of fiduciary duty and breach of duty of fair representation because both are unfair labor practices, justiciable by the Federal Labor Relations Authority.**

Prior to 1978, a 1962 Executive Order administered by a Federal Labor Relations Council governed labor relations in the federal sector. *Karahalios v. Nat'l Fed. Of Fed.*

---

[5] An amended pleading supersedes the original and renders it of no legal effect unless the amended pleading specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

*Emps., Local 1263*, 489 U.S. 527, 531. Then in 1978, Congress overhauled the civil service system with the Civil Service Reform Act ("CSRA"). *See id.*; *Abbott v. U.S.*, 144 F.3d 1, 5 (1st Cir. 1998) (citing *U.S. v. Fausto*, 484 U.S. 439, 443 (1988).

Title VII of the CSRA, the Federal Service Labor-Management Relations Statute ("Title VII") became the controlling authority over labor relations in the federal sector. *Karahalios*, 489 U.S. at 531. The CSRA contains an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations" and largely omits mention of the district courts. *Montplaisir v. Leighton*, 875 F.2d 1, 2–3 (First Cir. 1989) (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)).

Title VII limits judicial review to three instances: (1) an aggrieved party may request review of "final" FLRA orders in the courts of appeals; (2) the FLRA may petition a court of appeals for enforcement of its orders; and (3) the FLRA may seek an injunction in district court after issuing a complaint. *Id.* (citing 5 U.S.C. § 7123); *Columbia Power Trades Council v. U.S. Dep't. of Energy*, (9th Cir. 1982). However, in judicial review of Title VII matters, the proper forum is typically the appropriate court of appeals, not a district court. 5 U.S.C. § 7123(a).

A labor union has a duty of fair representation to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); 5 U.S.C. § 7114(a)(1). Under Title VII, a breach of duty of fair representation is an "unfair labor practice." 5 U.S.C. § 7116; *Karahalios*, 489 U.S. at 532

(finding that Title VII "provides that it is 'an unfair labor practice for a labor organization ... to otherwise fail or refuse to comply with any provision of this chapter.'").

Accordingly, any claim for a breach of the duty of fair representation is properly adjudicated by the FLRA. *Karahalios*, 489 U.S. at 532. Once the FLRA issues a final decision, an "aggrieved party" may request review by the appropriate federal court of appeals, pursuant to Section 7123. 5 U.S.C. § 7123(a). Said another way, an "aggrieved party" must first exhaust their administrative remedies before they bring suit in federal court.

### i.     Plaintiffs' claim for breach of duty of fair representation.

Plaintiffs allege that Defendants breached their duty of fair representation by mismanaging the funds awarded by the ALJ. Dkt. No. 12. However, the Court lacks subject matter jurisdiction over Plaintiffs' claim for breach of duty of fair representation because such claims are unfair labor practice claims, properly adjudicated by the FLRA. *Karahalios*, 489 U.S. at 532; *see* 5 U.S.C. § 7123(a). Plaintiffs, then, must first bring such unfair labor practice claims to the FLRA. *Karahalios*, 489 U.S. at 532. If Plaintiffs are unsatisfied with the FLRA decision, then they may seek relief in the appropriate court of appeals. 5 U.S.C. § 7123(a).

### ii.     Plaintiffs' claim for breach of fiduciary duty.

Plaintiffs' claim for breach of fiduciary duty also fails to fall under one of Title VII's three statutory exemptions allowing for judicial review. *See* 5 U.S.C. § 7123. Plaintiffs represent their claim as one for breach of fiduciary duty justiciable under the LMRDA. Dkt. No. 17 at 8–11. However, where a plaintiff alleges a violation of a fiduciary duty based on distribution of funds from a settlement involving a union that represents federal

employees, that claim is for breach of duty of fair representation. *Leal v. Woodley & McGillivary*, H-08-cv-3452, 2009 WL 1704311 at *4 (S.D. Tex. 2009) (Ellison, J).

The Supreme Court has made clear that plaintiffs cannot circumvent the CSRA's enforcement provisions by recharacterizing what is otherwise a breach of fair representation claim. *U.S. v. Fausto*, 108 S.Ct. 668, 677 (1988) (holding that the CSRA's "comprehensive system for reviewing personnel action taken against federal employees" bars a federal worker from suing for backpay on wrongful suspension grounds); *Bush v. Lucas*, 462, U.S. 367, 385–90 (1983) (prohibiting a federal employee from bringing a damages action against his superior based on an alleged First Amendment violation in the workplace). Courts of appeals have precluded plaintiffs from doing so as well. *Spagnola v. Mathis*, 859 F.2d 223, 228-29 (D.C. Cir. 1988) (holding that the CSRA precludes a *Bivens* action premised on conduct amounting to a prohibited personnel practice); *Warren v. Local 1759, American Federation of Government Employees*, 764 F.2d 1395, 1399 (11th Cir. 1985) (holding that the FLRA possesses exclusive jurisdiction over a federal employee's unfair representation claim); and *Columbia Power Trades*, 671 F.2d 325, 327 (holding that the FLRA has "exclusive jurisdiction over federal labor relations matters").

Here, Plaintiffs allege that Defendants breached their fiduciary duties by: (1) mismanaging funds awarded to the NTEU; and (2) failing to provide each Plaintiff with their pro rata share. Dkt. No. 17 at 10. The Court, then, finds Plaintiffs' claim is effectively a breach of duty of fair representation claim properly adjudicated by the FLRA. *See Leal*, H-08-cv-3452, 2009 WL 1704311 at *4. Though artfully pled, accepting Plaintiffs' claim for breach of fiduciary duty as anything but a claim for breach of fair representation would

likely represent a break both from the policy of the CSRA, and the court's interpretation of the Act's enforcement procedures.

The Court finds that even if it accepts Plaintiffs' claim as presented, it does not belong in the district court because the LMRDA does not apply to unions like the NTEU that only represent federal employees.[6] *Local 1498, Am. Fed. Of Gov't Emps. v. American Fed'n of Gov't Emps.*, 522 F.2d 486, 489 (3rd Cir. 1975); *see also Chao v. Bremerton Metal Trades Council, AFL-CIO*, 294 F.3d 1114, 1117 (holding that "[b]ecause the LMRDA's definition of 'employer' excludes the United States ... a union that exclusively represents federal government employees is not subject to the LMRDA.").

Plaintiffs assert that the CSRA incorporated the LMRDA's fiduciary duties, pointing to prior CSRA holdings adopting the LMDRA's principles regarding fiduciary duties owed to its federal employee unions. Dkt. No. 19 at 6 (citing *Wildberger*, 86 F.3d at 1192–93; *Nat'l Treasury Emps. Union v. FLRA*, 800 F.2d 1165, 1171 (D.C. Cir. 1986)). But the question in this case is not whether Plaintiffs are entitled to any relief. Instead, the question is whether Plaintiffs may pursue such a claim for relief in a district court.

The CSRA and the LMRDA do grant certain similar rights to federal union members. *Martinez v. American Fed'n of Gov't Emps.*, 980 F.2d 1039, 1041, n.1 (5th Cir. 1993). However, Congress did not adopt the LMRDA's enforcement principles when it established the CSRA in 1978. In contrast to the LMRDA, the CSRA does not grant federal union members the right to sue their unions in a district court. *Id.* Instead, as discussed

---

[6] There is an exception for so-called "hybrid" unions, which represent both federal and private employees. *Wildberger v. American Fed'n of Gov't Emps.*, 86 F.3d 1188, 1192–93 (finding that a plaintiff did not lose LMRDA protection when his union represented private and federal employees, even though his local only represented government employees). But the parties here do not allege, and the Court does not find, that the NTEU represents even a single private-sector employee; it does not, then, fall into a hybrid category. *See generally id.*; *see also* Dkt. No. 19.

above, an aggrieved party must first bring his complaint to the FLRA. *Karahalios*, 489 U.S. at 532.

**B.      The Court does not have subject matter jurisdiction over Plaintiffs' claim for breach of arbitration award because it lacks statutory authority to preside over arbitration enforcement proceedings involving Title VII of the Civil Service Reform Act.**

Plaintiffs assert that *Karahalios* does not strictly preclude a district court from having jurisdiction over claims related to a duty of fair representation concerning enforcement of arbitration awards and settlement agreements. Dkt. No. 19 at 7 (citing *Dep't of Navy v. FLRA*, 962 F.2d 48, 54 (D.C. Cir. 1992)). But *Dep't of Navy* does not involve district court review. *See* 962 F.2d at 49. Critically, that case involves the D.C. Circuit Court of Appeals' review of an FLRA decision. *Id.* Such judicial review complies with the procedures defined in Section 7123. *Karahalios*, 489 U.S. at 532; 5 U.S.C. § 7123(a) (any person "aggrieved" by a final order of the FLRA can institute an action for judicial review of the order in the U.S. court of appeals in which the person resides).

Unlike in *Dep't of Navy*, Plaintiffs' claims have not been adjudicated by the FLRA. Even if they had, the proper forum for judicial review would be "the United States court of appeals in the circuit in which [Plaintiffs] reside or [transact] business or in the United States Court of Appeals for the District of Columbia." 5 U.S.C. § 7123(a).

Plaintiffs also assert that *Karahalios* does not divest the district courts of jurisdiction to enforce arbitration awards or settlement agreements that create contractual obligations. Dkt. No. 19 at n.3. Plaintiffs cite to *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960) as evidence that the district courts have "authority to enforce arbitration awards under federal law." Dkt. No. 19 at n.3. However, Plaintiffs' reliance on *United Steelworkers of Am.* is misplaced. Unlike the

United Steelworkers of America, the NTEU serves federal employees. *See generally* Dkt. No. 17 at 9; *see also* Dkt. No. 19 (Plaintiffs admit that the NTEU is a federal employee union and nowhere assert that it serves even a single private employee).

Finally, Plaintiffs assert that the district courts may enforce arbitration awards under Title VII when contractual rights are at issue. Dkt. No. 19 at 8 (citing *Devine v. White*, 697 F.2d 421, 429, 440 (D.C. Cir. 1983)). But *Devine* does not involve district court review. *See* 962 F.2d at 49; *see also* 697 F.2d at 429. Rather, *Devine* involves a court of appeal's review of an arbitrator's award. 962 F.2d at 49.

## C.   This Court does not have subject matter jurisdiction over Plaintiffs' claims against Defendant Briseño because he is an agent of the NTEU.

A union is the "sole source of recovery for injury inflicted by it." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249. Union liability cannot be evaded by suing a union's agent or member. *Id.* The *Atkinson* rule applies to unions, like the NTEU, which represent federal employees. *See Montplaisir*, 875 F.2d at 7–8.

Here, serving as its president, Briseño is an agent of the NTEU Chapter 160. Dkt. No. 17 at 2. Briseño, then, cannot be personally liable for Plaintiffs' claims under federal law. *Atkinson*, 370 U.S. at 249. Yet despite the Supreme Court's holding in *Atkinson*, Plaintiffs allege this district court has jurisdiction, claiming Briseño is liable because union officers of federal sector unions are subject to fiduciary duties incorporated from the LMRDA through the CSRA. Dkt. No. 19 at 13 (citing *Wildberger*, 86 F.3d at 1192–93).

But as discussed above, the LMRDA and its enforcement principles are not applicable here.

**D.    Due to this Court's lack of subject matter jurisdiction over Plaintiffs' federal law claims, it also lacks supplemental jurisdiction over the remaining state law claims.**

A court has supplemental jurisdiction over state law claims, "when the state and federal claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'"). *Exxon Mobil Corp.*, 545 U.S. at 580.

Critically, here, there is no such common nucleus of operative fact because the Court lacks jurisdiction over Plaintiffs' federal law claims (breach of fiduciary duty; breach of duty of fair representation; and breach of arbitration award). This Court, then, may not exercise supplemental jurisdiction over any of Plaintiffs' state law claims (breach of contract; unjust enrichment; conversion; and money had and received).


## IV.    Conclusion

This Court does not have subject matter jurisdiction over Plaintiffs' claims for breach of fiduciary duty and breach of duty of fair representation. As discussed above, they are unfair labor practice claims justiciable by the FLRA. Further, this Court does not have subject matter jurisdiction over Plaintiffs' claim for breach of arbitration award because it lacks the statutory authority to review such claims. Finally, this Court may not exercise supplemental jurisdiction over Plaintiffs' state law claims because there is no common nexus to any remaining claim under federal law. Defendants' Motion to Dismiss, then, should be **GRANTED**.

## V.     RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Defendants' Motion to Dismiss [Dkt. No. 19]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI.     NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **22nd** day of **December, 2025** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**